## Boston Lead Company *vs.* Patrick McGuirk.

In an action upon a promissory note, alleged in the declaration to have been destroyed, an answer putting in issue the making of the note, and alleging that, if made, it was for an illegal consideration, admits the destruction of the note ; and the admission at the trial of incompetent evidence of its destruction affords no ground of exception.

Merrick, J. In this case the plaintiff relies, in support of his action, upon a promissory note alleged to have been made by the defendant. In his declaration he professes to set out the substance of it, and assigns as a reason for omitting to annex a copy, that the original had been destroyed. This is in conformity to the requirements of the statute. *St.* 1852, *c.* 312, § 2; *cl.* 9 In his answer the defendant, without admitting the fact,

leaves the plaintiff to prove the making of the note; and alleges that, if such a note shall be proved to have been made by him, the consideration upon which it was given was the sale of intoxicating liquor, in violation of law. He does not deny the destruction of the note. If therefore the destruction of the note is to be considered a substantive fact in the case, as it is alleged with precision and certainty in the declaration, and not denied by the defendant in his answer, he must be deemed to have admitted it. § 26. In this view of the case, it is obvious that that part of the testimony of Paine which was objected to, and in which he states that he found, on inquiring at his house, that the note had been burned up by a little Irish girl while sweeping there, was wholly immaterial. The evidence was offered and admitted solely for the purpose of proving a fact about which there was, and could be, no controversy; because, by operation of law, it was upon these pleadings, and therefore upon the trial of the issue, to be held and treated as true, as alleged in the declaration.

And although it is stated in the bill of exceptions that at the trial it became a material question whether the note declared on had been destroyed, we are satisfied, upon an examination of the facts reported, and of the declaration and answer, that this statement is erroneous. In response to the special request of the defendant, that the jury should be instructed that to sustain his declaration the plaintiff was bound to show that the note was destroyed, the court ruled that he was bound to satisfy them of the destruction of the note. Upon the assumption that this ruling was correct, it would necessarily follow that the inquiry concerning the destruction of the note was a material question; and the statement of the law in these terms by the court fully explains the reason why, and to what extent, the question was regarded as material, and how it came to be so reported in the bill of exceptions.

But, upon recurring to the declaration and answer, it appears that the only questions in issue upon the trial were, whether such a note as that declared on had been made and passed to the payee by the defendant; and, if thus made, whether the

only consideration upon which it was given was the sale and delivery of intoxicating liquor in violation of law.

The allegation in the declaration concerning the destruction of the note was entirely foreign to that issue, and was inserted for a different purpose. Not being able to annex an exact copy, it was essential that the plaintiff's inability to do so should be therein stated and explained. But, upon the trial, proof of this fact was not indispensable to the maintenance of the action. Proof of the due execution of the note, and of the plaintiff's right to it as payee or indorsee, would, upon the pleadings in the case, entitle him to recover, unless the defence set forth in the answer should be satisfactorily established.

Undoubtedly, as the burden of proof was throughout upon the plaintiff, it was incumbent on him to produce evidence, not only concerning the making of the note, but also to afford a satisfactory explanation of his failure to produce it upon the trial. For this purpose it was not essential to prove that it was destroyed; but showing that it had been lost, and that after diligent search it could not be found, was sufficient. The testimony of Paine was relied on to prove the making, existence, and loss of the note. It devolved upon the plaintiff to show that in the search due diligence had been used, and therefore, to explain why it was pursued by the witness no further than he stated that he did pursue it, he was properly permitted to state the information given him at his house while he was seeking to find and repossess himself of the note.

We are therefore of opinion, that, although the evidence objected was admitted by the court for the purpose of proving what was, we think erroneously, regarded a material question at the trial, its admission affords no cause for setting aside the verdict, since there was no need of nor occasion for proving the destruction of the note; and therefore the testimony of the witness in relation to the information obtained at his house was unimportant and immaterial, and could certainly have been of no disadvantage to the defendant, so far as it had any tendency to prove a fact not in dispute, but deemed in law to have been explicitly admitted by him as true.

It is argued however in his behalf, that it was incumbent upon the plaintiff to prove the absolute destruction of the note; because otherwise it might be subsequently discovered and produced by some other party, who should prove himself to be a *bona fide* holder, and thus compel the defendant to pay it to him. Against a danger of this kind, whenever it exists, courts of law always apply effectual means to defend the maker of the note, by requiring as a condition of the rendition of judgment that the plaintiff shall furnish ample security to protect him against any such subsequent claim, and to indemnify him against all loss which may accrue on account of it.

*Exceptions overruled.*

*T. H. Sweetser*, for the defendant.
*D. S. Richardson*, for the plaintiff.